UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>JAMES LEE ERWIN and JOINT VENTURE SOLUTIONS, INC.<br><br>Defendants. | Case No. 2:14-cv-00623-APG-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on Defendant James Lee Erwin's failure and Defendant Joint Venture Solutions, Inc.'s failure to comply with this court's Order (Dkt. #15) and Order to Show Cause (Dkt. #16).

On December 29, 2014, the court entered an Order (Dkt. #15) granting Harold Gewerter's request to withdraw as counsel of record for Defendants James Lee Erwin ("Erwin") and Joint Venture Solutions, Inc ("JVS"). The order required Defendant Erwin Plaintiff to either retain new counsel and file a notice in accordance with the Local Rules of Practice, or to file a statement that he would proceed pro se no later than January 29, 2015. As Defendant JVS is a corporation, the order further required Defendant JVS to retain new counsel and file a notice of appearance in accordance with the Local Rules of Practice. The order warned both Defendants that their failure to comply "may result in a recommendation to the district judge for sanctions, including case-dispositive sanctions.

Defendant Erwin has failed to retain new counsel, has not filed a statement proceeding pro se, and has not requested an extension of time in which to comply with the court's Order (Dkt. #15). Defendant JVS has also failed to retain new counsel and has not requested an extension of time in which to comply with the court's Order (Dkt. #15). The docket reflects that

1

1  the order was returned as undeliverable stating "address unknown, unable to remail."  *See* Dkt.
2  ##17, 18.

3      On March 4, 2015, the court entered an Order to Show Cause (Dkt. #16) based on
4  Defendants' failure to comply with the court's previous Order (Dkt. #15).  The court directed
5  Defendants to show cause in writing no later than March 25, 2015, why they had not complied
6  with the court's Order (Dkt. #15).  The order to show cause advised Defendants that "[f]ailure to
7  comply with this order may result in a recommendation to the district judge that Defendants'
8  answer be stricken and default entered against them for failing to comply with the court's order,
9  and order to show cause."  Defendants failed to file a response to the Order to Show Cause (Dkt.
10 #16), and have not requested an extension of time in which to do so.  The docket reflects that the
11 show cause order was returned as undeliverable on March 19, 2015, stating "address unknown,
12 unable to remail."  *See* Dkt. ##19, 20.

13     Defendants' willful failure to comply with the court's Orders is an abusive litigation
14 practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted
15 the court's timely management of its docket, wasted judicial resources, and threatened the
16 integrity of the court's orders and the orderly administration of justice.  Furthermore, Defendants
17 have failed to comply with LSR 2-2 notifying the court and the opposing party of any change of
18 address.  Sanctions less drastic than dismissal are unavailable because Defendants have willfully
19 refused to comply with multiple court Orders and the Local Rules of Practice.  Accordingly,

20     **IT IS RECOMMENDED** that Defendants' Answer be **STRICKEN** and default entered
21 against Defendants James Lee Erwin and Joint Venture Solutions, Inc.

22     DATED this 8th day of April, 2015.

                                            PEGGY A. LEEN
                                            UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This finding and recommendation is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.