UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:14-CV-00623-APG-PAL |
| Plaintiff, | **ORDER** |
| v. | (Dkt. #13, #21) |
| JAMES LEE ERWIN AND JOINT VENTURE SOLUTIONS, INC., | |
| Defendants. | |

On December 30, 2014, Magistrate Judge Leen ordered the defendants to obtain counsel or defendant James Lee Erwin to indicate he was going to proceed pro se. (Dkt. #15.)  When the defendants did not respond, Judge Leen issued an order to show cause why the defendants' answer should not be stricken and default entered for their failure to comply with her order. (Dkt. #16.)  The defendants did not respond, and the court's orders were returned in the mail as undeliverable. (Dkt. Nos. 17-20.)  On April 9, 2015, Judge Leen recommended I strike the defendants' answer and enter default against them for their willful failure to comply with the court's orders and for their failure to update their addresses. (Dkt. #21.)  The defendants did not object to this recommendation.

I conducted a de novo review and Judge Leen's Report & Recommendation sets forth the proper legal analysis and factual basis for the decision.  I therefore will strike the defendants' answer and enter default against them.

Although default ordinarily would call for the U.S. Securities and Exchange Commission ("SEC") to move for default judgment and to provide support for any requested remedies, the SEC already moved for summary judgment on both liability and the appropriate remedies.  The defendants did not respond to the motion and are now defaulted in the case.  Considering the *Eitel* factors, default judgment is warranted. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Because the defendants have ceased participating in the case and have not updated their addresses, the SEC is prejudiced by the defendants' frustration of the court proceedings. The SEC has presented evidence on the merits of its case, including evidence that the defendants acted as brokers but are not registered brokers, that the joint venture offering and the structured note offering were not registered securities, and that defendants offered and sold the securities, resulting in sales to five investors. (*See, e.g.*, Dkt. #13-3 at 14, 54-55, 67, 70, 77, 79-102; Dkt. #13-4 at 9-26; Dkt. #13-5 at 2-9, 15-42, 44-45, 48; Dkt. #13-6 at 9-11, 49; Dkt. #13-7 at 9-10.) The SEC has also presented evidence supporting the calculation of the disgorgement remedy. (Dkt. #13-3 at 67; Dkt. #13-6 at 49; Dkt. #13-7 at 23; Dkt. #13-8 at 17, 23.) There is little possibility of a dispute concerning material facts given both the defendants' abandonment of their defense and the admissions defendants made in discovery. Default was not due to excusable neglect. Rather, as found by Judge Leen, defendants have willfully failed to comply with this court's orders. Finally, although policy favors decisions on the merits, these defendants have abandoned their defense, have refused to comply with the court's orders, and have not maintained their contact information with the court. Under these circumstances, default judgment in favor of the SEC and against defendants James Lee Erwin and Joint Venture Solutions, Inc. is warranted.

IT IS THEREFORE ORDERED that the Report & Recommendation (Dkt. #21) is accepted, defendants' amended answer (Dkt. #8) is STRICKEN, and default is hereby entered against defendants James Lee Erwin and Joint Venture Solutions, Inc.

IT IS FURTHER ORDERED that the U.S. Securities and Exchange Commission's motion for summary judgment (Dkt. #13) is GRANTED.

IT IS FURTHER ORDERED that the U.S. Securities and Exchange Commission shall provide an updated form of order consistent with this order and with a recalculation of prejudgment interest on or before July 10, 2015. The disgorgement amount is $129,975, for which defendants James Lee Erwin and Joint Venture Solutions, Inc. are jointly and severally liable. Consistent with the civil penalties issued in *S.E.C. v. Malom Group AG*, 2:13-CV-02280-GMN-PAL, a related civil action involving similar misconduct, I will issue civil penalties in the

1  amount of the gross pecuniary gain. (*See* Dkt. Nos. 18, 45-46 in 2:13-CV-02280-GMN-PAL);
2  *S.E.C. v. CMKM Diamonds, Inc.*, 635 F. Supp. 2d 1185, 1192-93 (D. Nev. 2009).  Accordingly,
3  the civil penalty for James Lee Erwin is $129,975, and the civil penalty for Joint Venture
4  Solutions, Inc. is $129,975.

5  DATED this 29th day of June, 2015.

                                                     ANDREW P. GORDON
                                                     UNITED STATES DISTRICT JUDGE