UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) | |
| Plaintiff, ) ) ) | Civil Action No. 2:14cv623 -APG-PAL |
| v. ) ) | |
| ) | FINAL JUDGMENT AS |
| JAMES L. ERWIN and JOINT VENTURE SOLUTIONS, INC. ) ) ) | TO DEFENDANTS |
| Defendants. ) ) | |

On April 9, 2015, the Magistrate Judge submitted a Report and Recommendation that the Court strike the Defendants' answer and enter default against them for their willful failure to comply with the Court's orders. (Dkt. #21). Defendants did not object to this recommendation. (Dkt. #22 at 1). Therefore, on June 29, 2015, the Court struck the Defendants' answer, and found both Defendants in default. (Dkt. 22). The Court then considered and granted the Securities and Exchange Commission's previously-filed motion for summary judgment (Dkt. 13), which addressed both liability and remedies, and ordered the Commission to file an updated form of order with a recalculation of prejudgment interest. In consideration of the Commission's timely submission of that form of order, the Court hereby **ORDERS** the following:

I.

**PLAINTIFF'S MOTION IS HEREBY GRANTED**, and each Defendant is found to have violated Section 15(a)(1) of the Securities and Exchange Act of 1934 (failure to register with the Commission as a broker-dealer) [15 U.S.C. § 78o] and Sections 5(a) and (c) of the

Securities Act of 1933 (offering or sale of securities without a required registration statement and not exempt from registration) [15 U.S.C. §§ 77e(a) and (c)].

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o] by, directly or indirectly, in the absence of any applicable exception, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of any security unless such defendant is registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly participating in the issuance, offer, or sale of any security, including but not limited to joint venture agreements, proofs of funds, bank guarantees, medium term notes, standby letters of credit, structured notes, and similar instruments, with the exception of the purchase or sale of securities listed on a national securities exchange.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants James L. Erwin and Joint Venture Solutions Inc. are jointly and severally liable for disgorgement of $129,975, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $16,512.82, for a total of $146,487.82. Pursuant to Section 21(d)(3)(B) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)(B)] and Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)], Defendant James L. Erwin is liable for a civil penalty in the amount of $129,975. Defendant Erwin shall satisfy this obligation by paying $129,975 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment. Furthermore, Defendant Joint Venture Solutions is liable for a civil penalty in the amount of $129,975. Defendant Joint Venture Solutions shall satisfy this obligation by paying $129,975 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; James L. Erwin and Joint Venture Solutions, Inc. as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this

5

action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**IT IS SO ORDERED.**

Dated: July 7, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE